UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ISAAC PERKINS | CIVIL ACTION |
| VERSUS | NO. 17-4476 |
| BP EXPLORATION & PRODUCTION, INC. ET AL. | SECTION: H(1) |

### ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Doc. 43) filed by Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c. (collectively, "BP").[1] For the following reasons, this Motion is **GRANTED**.

---

[1] The remaining Defendants (Transocean Holdings, LLC; Transocean Deepwater, Inc.; Transocean Offshore Deepwater Drilling, Inc.; and Halliburton Energy Services, Inc.) moved to join in BP's Motion for Summary Judgment, and the Court granted the request. *See* Docs. 47, 48. Thus, BP's Motion for Summary Judgment is effectively urged by all Defendants.

## BACKGROUND

This case is one among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[2] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[3] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[4] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[5] This case was reassigned to Section H.[6]

Plaintiff Isaac Perkins alleges continuous exposure to harmful substances and chemicals around his residence in Picayune, Mississippi, beginning in April of 2010, as a result of the oil spill and subsequent cleanup efforts.[7] Plaintiff claims to suffer from "headaches, dizziness, watery eyes, muscle spasms, arthritis, and high blood pressure" because of the exposure.[8] Plaintiff asserts claims under the general maritime law of negligence,

---

[2] *See* In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[3] *Id.*
[4] *Id.* at 2 n.3.
[5] *Id.* at 7–8.
[6] *See* Doc. 6.
[7] *See* Doc. 1-1 at 5.
[8] *Id.*

negligence per se, and gross negligence with respect to the spill and its cleanup.[9]

Now before the Court is BP's Motion for Summary Judgment.[10] BP argues that Plaintiff has failed to produce sufficient evidence to prove that exposure to oil or dispersants caused his alleged injuries.[11] To date, Plaintiff has filed no opposition to BP's motion.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[14] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts

---

[9] *See* Doc. 29 at 7–15.
[10] *See* Doc. 43.
[11] *Id.* at 1.
[12] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[14] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).

showing the existence of a genuine issue for trial."[15] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[16] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[17] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[18] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[19]

## LAW AND ANALYSIS

BP moves for summary judgment on the grounds that Plaintiff cannot prove that exposure to oil or dispersants was the legal cause of his alleged injuries.[20] BP argues that Plaintiff cannot do so because he has produced no expert testimony to support his claims, and in a toxic tort case such as this, expert testimony as to causation is required.[21]

---

[15] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[16] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[17] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[18] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[19] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[20] *See* Doc. 43-3 at 1.
[21] *See id.* at 5.

4

Having filed no opposition, Plaintiff provides no response to this argument. However, "[a] motion for summary judgment cannot be granted simply because there is no opposition."[22] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."[23]

Plaintiff has the burden of proving causation. "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response."[24] "Under the general maritime law, a party's negligence is actionable only if it is a 'legal cause' of the plaintiff's injuries. [L]egal cause is something more than 'but for' causation, and the negligence must be a 'substantial factor' in the injury."[25] In general, "when the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[26] Here, the causal connection between exposure to oil or dispersants and Plaintiff's injuries of muscle spasms, arthritis, and high blood pressure is not within the common knowledge of a layperson. "In a toxic tort suit such as this one, the plaintiff

---

[22] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435, 435 (5th Cir. 2014) (quoting Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)).
[23] *Hibernia Nat. Bank*, 776 F.2d at 1279.
[24] *In Re: Oil Spill*, No. 10-md-02179, R. Doc. 26924 at 4.
[25] Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992) (internal quotations omitted).
[26] Lassiegne v. Taco Bell Corp., 202 F. Supp. 2d 512, 524 (E.D. La. 2002); *see* Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994).

must present admissible expert testimony to establish general causation as well as specific causation."[27]

Plaintiff's deadline for expert disclosures and reports was January 4, 2022.[28] Plaintiff neither met this deadline nor moved for its extension. Additionally, to date, Plaintiff has failed to oppose BP's motion or put forth any evidence of causation. Therefore, Plaintiff cannot prove a necessary element of his claims against Defendants, and his claims must be dismissed.

## CONCLUSION

For the foregoing reasons, BP's Motion for Summary Judgment (Doc. 43), joined by all Defendants, is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 30th day of March, 2022

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[27] Seaman v. Seacor Marine LLC, 564 F. Supp. 2d 598, 600 (E.D. La. 2008), *aff'd sub nom.* Seam v. Seacor Marine L.L.C., 326 Fed. Appx. 721 (5th Cir. 2009); *see also* Banegas v. BP Expl. & Prod., Inc., No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019); Williams v. BP Expl. & Prod., Inc., No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019).
[28] *See* Doc. 26.